1

2

3                       UNITED STATES DISTRICT COURT

4                            DISTRICT OF NEVADA

5    BENJAMIN RODRIGUEZ,                    Case No. 2:22-cv-01368-ART-EJY

                                 Plaintiff,           ORDER
6        v.

7    CLARK    COUNTY    DETENTION
     CENTER, *et al.*,
8
                                 Defendants.
9

10       *Pro se* Plaintiff Benjamin Rodriguez brings this civil-rights action under 42

11   U.S.C. § 1983 to redress constitutional violations that he claims he suffered while

12   incarcerated at Clark County Detention Center. (ECF No. 1-1). On August 25,

13   2022, this Court ordered Plaintiff to file a fully complete application to proceed *in*

14   *forma pauperis* ("IFP application") or pay the full $402 filing fee by September 30,

15   2022. (ECF No. 3). Plaintiff was warned the action could be dismissed if he failed

16   to file a fully complete IFP application with all three documents or pay the full

17   $402 filing fee for a civil action by that deadline. (*Id.* at 2). The deadline expired,

18   and Plaintiff did not file a fully complete IFP application or pay the full $402 filing

19   fee.[1]

20   **I.    DISCUSSION**

21       District courts have the inherent power to control their dockets, and "[i]n

22   the exercise of that power, they may impose sanctions including, where

23   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los*

24   _____

25   [1] On August 31, 2022, the Court received a letter from Plaintiff dated August 26, 2022. (ECF No.
     4). In the letter, Plaintiff states that he is "under heavy abuse and civil rights violations in jail,"
26   and asks the Court to "make sure [the] FBI is looking and able to" issue unspecified "subpoena[s]"
     concerning "murder crimes and more." (*Id.* at 1, 6). Plaintiff does not claim to be experiencing any
27   difficulty in completing his IFP application. It is unclear what relief Plaintiff seeks, but to the
     extent the letter can be construed as a motion, it is denied as moot in light of the dismissal of
28   this action.

                                          1

*Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted

pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff either files a fully complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete IFP application or pay the full $402 filing fee in compliance with this Court's August 25, 2022 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Plaintiff's construed motion for unspecified relief (ECF No. 4) is denied as moot.

DATED THIS 8th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE