UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN RODRIGUEZ,<br><br>                           Plaintiff,<br>     v.<br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>                           Defendants. | Case No. 2:22-cv-01368-ART-EJY<br><br>ORDER REOPENING CASE<br><br>(ECF No. 13) |

**I.    DISCUSSION**

On November 8, 2022, this Court dismissed Plaintiff's action without prejudice because Plaintiff failed to file a fully complete application to proceed *in forma pauperis* or pay the $402 filing fee in compliance with this Court's order. (ECF No. 5).

On February 3, 2023, Plaintiff filed a motion to reopen his case noting that he had been attacked at the jail and lost all of his correspondence. (ECF No. 13). In Plaintiff's post-judgment filings, he submitted a partial application to proceed *in forma pauperis*. (*See* ECF No. 11-1 at 2, 4, 6, 8).

A motion to reopen essentially asks this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the

reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

The Court grants Plaintiff's motion to reopen his case and will consider Plaintiff's partial application to proceed *in forma pauperis* (ECF No. 11-1 at 2, 4, 6, 8) complete until Plaintiff leaves Lakes Crossing Center. When Plaintiff returns to the Clark County Detention Center, Plaintiff will need to submit an application to proceed *in forma pauperis* that includes a completed financial certificate and inmate accounting statement. Based on the allegations in the motion to reopen, Plaintiff was attacked at the jail and lost all of his correspondence resulting in a delay in filing his documents. (ECF No. 13). Additionally, it appears that jail officials transferred Plaintiff to Lakes Crossing Center which also resulted in a delay in filing his documents. Plaintiff has demonstrated excusable neglect.

## II. CONCLUSION

It is therefore ordered that the motion to reopen (ECF No. 13) is granted.

It is further ordered that the Clerk of the Court will reopen this case. The Clerk of the Court will also docket the partial application to proceed *in forma pauperis* located at ECF No. 11-1 at 2, 4, 6, and 8 as a separate docket entry and identify the documents as an active, pending application to proceed *in forma pauperis*.

DATED THIS 15th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2